**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-02192-002-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Delana Frederica Lopez, | |
| Defendant. | |

Pending before the Court is Defendant Delana Lopez's motion for compassionate release. (Doc. 135.) The request has been fully briefed. (Docs. 138, 139.) Based upon its consideration of the 18 U.S.C. § 3553(a) factors and the applicable policy statements, the Court will deny the request.

Pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), a sentencing court may reduce a term of imprisonment "after considering the factors set forth in section 3553(a) to the extent they are applicable," if the court finds (1) "extraordinary and compelling reasons warrant such a reduction," and (2) "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13. Additionally, the Court's reduction of a sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In her November 5, 2020 motion, Ms. Lopez seeks compassionate release pursuant to the First Step Act, based on her physical condition, multiple medical issues, and the current challenges of the pandemic and risk of fatal complications. (Doc. 135.) Ms. Lopez

provides medical documentation in support of her request. (*Id.*)

Ms. Lopez has exhausted her administrative remedies, and it is undisputed that her physical condition and medical issues constitute extraordinary and compelling reasons, in light of the COVID-19 pandemic, allowing compassionate release. However, after considering the § 3553(a) factors and the applicable policy statements, the Court finds that such relief is not warranted.

Ms. Lopez is a career offender under the United States Sentencing Guidelines, having been convicted of four felony drug trafficking offenses. (Doc. 95, pp. 5-6, 12.) Ms. Lopez was sentenced in April 2004 to 12 months of imprisonment and 36 months of supervised release for Possession with Intent to Distribute 72 kilograms of marijuana. (*Id.* at. 8.) Her term of supervision was revoked for failing to report law enforcement contacts, and she received an additional six-month sentence. (*Id.*)

Four years later, in February 2008, Ms. Lopez was sentenced to 37 months of imprisonment for Possession with Intent to Distribute 73 kilograms of marijuana. (*Id.* at 10.)

On September 30, 2014, Ms. Lopez plead guilty to the misdemeanor offense of aid and abet illegal entry after it was discovered during a traffic stop in Phoenix that she was transporting two undocumented aliens. (*Id.* at 10.) She received a ninety-day sentence. (*Id.*)

In March 2016, Ms. Lopez was arrested with others for Conspiracy to Possess with Intent to Distribute Marijuana after Border Patrol agents at a southern Arizona checkpoint discovered three bales of marijuana in the car. (*Id.* at 11.) Ms. Lopez told agents that she made arrangements with a person named "El Jefa" to transport bundles of marijuana. El Jefa informed Ms. Lopez where to pick up the bundles in Pisinemo, Arizona. Ms. Lopez had been in contact with El Jefa and other drug traffickers while in route to their drop off destination. Ms. Lopez stated there were three additional vehicles with nine bundles of marijuana that made it through the checkpoint at the time they were stopped. Ms. Lopez expected to receive $1,000 for each bale that was delivered to Phoenix. (*Id.*) Ms. Lopez

was sentenced in this case, CR 16-704-02-JGZ, to 27 months imprisonment, followed by three years of supervised release. (*Id.*)

While on pretrial release in CR 16-704-02-JGZ, Ms. Lopez was arrested in November 2016 for her involvement in the delivery of bales of marijuana a month earlier. (Case CR-16-2192-002-CKJ.)[1] Ms. Lopez subsequently plead guilty to Conspiracy to Possess with Intent to Distribute marijuana, admitting that she had been driving a "spotter" vehicle in October 2016 to help a load vehicle make its final destination. (*Id.* at 4.) Ms. Lopez was sentenced, consistent with her plea agreement, to 96 months imprisonment, followed by 60 months of supervised release. (Doc. 99.) The Court ordered that 14 months of imprisonment run consecutive and 82 months run concurrent to the sentence imposed in CR-16-0704-02-JGZ. (*Id.*)[2]

Ms. Lopez's prior sentences have not served to deter her from continuing to engage in criminal conduct. Notably, as detailed above, she committed the most recent offense while on pretrial release for a pending drug trafficking charge. In addition, Ms. Lopez's record shows additional arrests which did not result in charges, including a November 2016 arrest for Possession with Intent to Distribute 104 kilograms of marijuana, and a January 2012 arrest for transporting undocumented aliens. (*Id.* at 3-4, 12.)

To Ms. Lopez's credit, she readily accepted responsibility for her criminal conduct, and Ms. Lopez continues to participate in treatment to address her substance abuse. However, Ms. Lopez has not been deterred from involving herself in criminal activity, and specifically drug trafficking. Consequently, the Court concludes that reduction of her sentence is not warranted under the § 3553(a) factors, and that further reduction would not "'comply with the purposes' of imprisonment, such as deterrence, punishment, and public safety." *See United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013) (quoting 18

---

[1] Ms. Lopez has completed service of her sentence in case CR-16-0704-002-JGZ and is currently serving her sentence in CR-16-2192-CKJ. According to the BOP website, she is expected to be released on January 16, 2024.

[2] The applicable sentencing guideline range was 151-188 months. (Doc. 95, p. 20.) The PSI recommended a 110-month sentence and rejection of the parties' plea agreement. (*Id*.)

1  U.S.C. § 3553(a)). Based on the totality of Ms. Lopez's personal history and characteristics,
2  the nature of the offense, the need for deterrence and to promote respect for the law, the
3  Court will deny the request for compassionate release.
4       Accordingly,
5       **IT IS ORDERED denying** the motion for compassionate release (Doc. 135.)
6       Dated this 9th day of February, 2021.

Honorable Jennifer G. Zipps
United States District Judge